8901

## WYLIE v. U. S. HEALTH & ACCIDENT INS. CO.

### (82 S. E. 402.)

Accident Insurance. Forfeiture. Fraud. Evidence. Issue for Jury. Appeal and Error.

1. In the absence of a stipulation in contract that the existence of other insurance renders the policy void, the Court cannot declare the policy void on that ground.

1a. In an action on an accident policy which the insurer claimed was void because the insured had other insurance in force at the time of its issuance, where there was evidence for plaintiff tending to show that the insurer's agent who knew of the existence of the policy stated that it made no difference, a verdict for plaintiff cannot be overthrown on appeal, even though the insurer offered evidence that the insured informed the agent he was on his way to cancel the other policy; the conflict in the evidence raising a jury question.

2. Whether or not a release was obtained by fraud, being submitted to the jury, without objection, and there being evidence upon that issue, the jury had the right to decide it.

18—98.

3. Where the claimant under an insurance policy offered to return a cheque given him as the consideration for a release, he may attack the release for fraud in an action on the policy.

4. The contract failing to stipulate that a policy of accident insurance was to take effect from time of delivery, rather than from the time the application was accepted and the policy issued, injuries occurring after the acceptance of the application and issuance of policy, though before its delivery to the assured were covered by it.

5. There being a conflict of testimony as to whether or not an insurance premium had been paid, that issue is for the jury.

6. There being no provision in the contract requiring the beneficiary under a policy of insurance to pay the premium, the question whether she had ever paid it was irrelevant.

7. Where justice requires a claimant to make good his tender to return the consideration received for a void release, the Court may require him to return such consideration, or give credit for the amount thereof on the judgment as a condition for affirmance of such judgment.

Before F. B. Gary, J., Spartanburg, November, 1913. Affirmed.

Action by Ponetta Wylie, the beneficiary in a policy of accident insurance issued to John Wylie, against the United States Health and Accident Insurance Company. There was testimony tending to show that the premium was paid on December 18, 1910; that the policy was issued on December 23d or 24th, 1910, and the accidental injuries were received on December 26th or 27th, 1910, in consequence of which the assured died on February 15th, 1911. The other facts are stated in the opinion.

*Mr. John Gary Evans,* for appellant: *The representation in application that the assured carried no other accident insurance was material:* 14 Am. & Eng. Enc. of L. (2d ed.) 23, 68; 92 S. C. 392; 80 S. C. 396, *distinguished. Proof insufficient to show fraud in obtaining release:* 33 L. R. A. (N. S.) 536 to 543, note. *Necessity for return of consideration given for the release:* 61 S. C. 448 and

455; 56 S. C. 508; 63 S. C. 297; 84 S. C. 278; 24 N. E. 984; 35 S. W. 230; 117 Mass. 479; 63 Me. 440.

*Messrs. Sanders & DePass,* for respondent: *Waiver of right to declare policy void because of other insurance, of which defendant's agent had knowledge:* 52 S. C. 224-228; 75 S. C. 261. *Fraud affecting release:* 38 S. C. 199; 66 S. C. 77; 84 S. C. 41. *Delivery of policy as waiver of forfeiture:* 71 S. C. 356, 359; 63 S. C. 192, 197; 57 S. C. 358.

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

John G. Wylie took out a policy of accident insurance with the appellant company, and on the 27th December, 1910, was injured by a fall from a ladder and as a result of the fall died in February, 1911. The policy provided a death benefit of $300.00 and a monthly accident indemnity of $30.00.

The defendant refused payment and the case was tried before Hon. Frank B. Gary and a jury. The verdict and judgment were for the plaintiff, the beneficiary under the policy, for the full sum of three hundred dollars. From this judgment the defendant appealed upon five exceptions, as follows:

"1. The uncontradicted testimony shows that the insured, John Wylie, deceased, had, before and at the time of the issuance of the policy, insurance of a like nature in another company, and under the terms of the policy sued on here such other insurance rendered this policy null and void, and the verdict should be for the defendant."

It is true the application for insurance stated that there was no other insurance, but the agent of the company wrote the application. There is no dispute about the fact that

the agent knew of the existence of the other policy of insurance. The only conflict in the testimony was that the witness for the appellant said that Wylie told him that he was on his way to cancel it, and the witness for the respondent said, that the agent of the appellant told him it did not make any difference. The record does not show that the existence of other insurance rendered the policy void; unless it did show it, this Court cannot declare this policy void on that ground.

2. The second exception is as follows:

"2. The uncontradicted testimony shows that the insured, John Wylie, during his lifetime, for a valuable consideration, released the company by an instrument in writing of all liability under the policy sued on in this case, and there being no evidence of fraud in obtaining said release, the verdict should be for the defendant."

The presiding Judge told the jury that if they found that there was any fraud in procuring the release, then the release was void. The correctness of this charge is not questioned and, under it, the jury had the right from the evidence to disregard the release.

3. The third exception is as follows:

"3. The uncontradicted testimony shows that the insured, John Wylie, accepted during the lifetime of John Wylie the check of the agent of the defendant company for twenty-five dollars in full settlement of all liability under the policy sued on in this case, and the undisputed testimony shows that such check has never been returned or tendered to the defendant company or its agents before the commencement of this action, and for that reason the ·verdict should be for the defendant."

The record shows that the respondent's attorneys offered to return the check, and this exception cannot be sustained.

4. "The undisputed testimony shows that the policy sued on in this case was never delivered to John Wylie until

after he had received the injuries alleged to have caused his death, and at that time he claimed to be in good health and had not actually paid the premium due to receive the policy, and under its terms such conduct worked a forfeiture of the policy, and the verdict should be for the defendant."

The record does not show that the policy was to take effect only from the time of delivery, and not from the time the application was accepted and the policy issued. As to the nonpayment of the premium, there was a conflict in the testimony. The appellant's witness stated that he went to see Wylie and asked him if he had paid the premium, and Wylie said he had paid it. The appellant's witness, without objection, put Wylie's statement in evidence, and that made it a question for the jury to say whether they would believe it or not. This exception is overruled.

5. Exception five is as follows:

"In that his Honor erred in refusing to allow the witness, Ponetta Wylie, to answer the following question: Q. Did you ever pay the three dollars, the first assessment? The error being that said question was proper and relevant to the issues made in the case."

This exception is overruled. There is nothing in the record to show that Ponetta Wylie was under any obligation to pay the premium, and the question was irrelevant. Inasmuch as the check of the agent of the appellant is outstanding, it is nothing but right that the agent of the appellant should be protected, and it is therefore adjudged, that a new trial be granted unless the respondent shall return the unpaid check to the appellant or its agent, or in lieu thereof shall credit the judgment with the amount of the check; but if the respondent shall comply with this requirement, then the judgment is hereby affirmed.